# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE    2. PLEASE TYPE OR PRINT    3. STAPLE ALL ADDITIONAL PAGES

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| 25 WANSER LLC and 40 BAYVIEW LLC,<br>-against-<br>THE TOWN OF HEMPSTEAD and THE TOWN BOARD OF THE TOWN OF HEMPSTEAD, and JOHN/JANE DOE #1 through JOHN/JANE DOE #10 | Eastern District | Joanna Seybert |
| | Date the Order or Judgment Appealed from was Entered on the Docket: June 30, 2026 | District Court Docket No.: 25-cv-5824 |
| | Date the Notice of Appeal was Filed: July 27, 2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | |
|---|---|
| **Attorney(s) for Appellant(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail:<br>Stephen Wagner, Cohen Tauber Spievack & Wagner P.C., 420 Lexington Avenue, Suite 2400, New York, NY 10170, 212-586-5800, 212-586-5095, swagner@ctswlaw.com |
| **Attorney(s) for Appellee(s):**<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail:<br>Daniel E. Shapiro, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, (516) 663-6600, dshapiro@rmfpc.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| no | | | If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Other (specify): ______ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ______ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

1. Stage of Proceedings
- [x] Pre-trial
- [ ] During trial
- [ ] After trial

2. Type of Judgment/Order Appealed
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [x] Other (specify): Order denying Oliner's motion to intervene

3. Relief
- [x] Damages:
  - [x] Sought: $ 190MM
  - [ ] Granted: $ ______
  - [ ] Denied: $ ______
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

**PART C: NATURE OF SUIT (Check as many as apply)**

1. Federal Statutes
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [x] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [x] Other (specify): 42 USC 1983
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

2. Torts
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

3. Contracts
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

4. Prisoner Petitions
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

5. Other
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [x] Real Property
- [ ] Treaty (specify): ______
- [ ] Other (specify): ______

6. General
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

7. Will appeal raise constitutional issue(s)?
- [ ] Yes
- [x] No

Will appeal raise a matter of first impression?
- [ ] Yes
- [x] No

1. Is any matter relative to this appeal still pending below? [x] Yes, specify: ~~The underlying case between plaintiffs~~ ~~and defendants in the EDNY~~ [ ] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [x] No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [x] No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

Date: 8/10/2026

Signature of Counsel of Record: /s/ Stephen Wagner

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only ten (10) calendar days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the$505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**ADDENDUM "A"**

**25 Wanser LLC, et al. v. The Town of Hempstead, et al.**
Second Circuit Docket No. 26-2078
Appeal from the United States District Court for the Eastern District of New York, No. 2:25-cv-05824 (JS)(AYS)

---

**Nature of the Action**

In 2019, the Town of Hempstead rezoned 73.2 acres of North Lawrence and Inwood under its Transit Oriented Development Ordinance. The Town later retained an environmental consultant to review what it had done. The consultant found that no one had consulted the police, fire, water, or emergency services, that the traffic analysis was inaccurate as to nineteen of the twenty-five intersections studied, and that the Ordinance had been adopted through an "abridged process" in place of the environmental impact statement the law required. It recommended rescission. In November 2024, the Town Board repealed the Ordinance unanimously.

Plaintiffs, developers seeking to build a 300-plus unit building in the district, challenged the repeal in state court. The New York Supreme Court held that Plaintiffs have no vested right in their development, but voided the repeal on a single procedural ground: the final version had never been referred to the Nassau County Planning Commission. The cure is a referral and a re-vote, which would take approximately thirty days for a repeal that had already passed unanimously. Thirteen months later, the Town has not cured it.

Meanwhile, Plaintiffs brought this action under 42 U.S.C. § 1983, seeking approximately $190million on the theory that the repeal deprived them of property, which is the same property right the state court held they never had.

Proposed Intervenor-Appellant Martin Oliner is a former Mayor of the Village of Lawrence who lives beside the affected district. In view of the Town's refusal to validate a repeal that it had enacted unanimously, Oliner moved to intervene as a defendant under Fed. R. Civ. P. 24(a)(2) and 24(b), to interpose the two defenses: that Plaintiffs hold no vested right in their development, as the state court held, and that public safety required the repeal.

**Result Below**

Magistrate Judge Anne Y. Shields issued a Report and Recommendation on May 26, 2026 recommending denial of the motion. Appellant filed timely objections on June 9, 2026. By Memorandum and Order dated June 30, 2026, Judge Joanna Seybert overruled the objections, adopted the Report in its entirety, and denied intervention under both Rule 24(a)(2) and Rule 24(b), holding that Appellant's asserted interest "rests entirely upon speculation." Appellant filed a notice of appeal on July 27, 2026.

**ADDENDUM "B"**

**25 Wanser LLC, et al. v. The Town of Hempstead, et al.**
Second Circuit Docket No. 26-2078
Appeal from the United States District Court for the Eastern District of New York, No. 2:25-cv-05824 (JS)(AYS)

---

**Issues Proposed to be Raised on Appeal and Applicable Standards of Review**

1. Whether the district court erred in holding that Appellant's asserted interest "rests entirely upon speculation," where the Town has for thirteen months refused to take a simple step that would validate the unanimous repeal of the zoning permitting the development, and where the court was required to accept Appellant's non-conclusory allegations as true.

Standard of review: abuse of discretion. *Floyd v. City of New York*, 770 F.3d 1051 (2d Cir. 2014).

2. Whether the district court erred in finding that Appellant "has not come forward with any evidence" that the Town is not adequately defending this action, where that evidence was in the record and unrebutted.

Standard of review: abuse of discretion, which includes a clearly erroneous assessment of the evidence. *Id.*

3. Whether the district court erred in denying permissive intervention under Rule 24(b) by instead applying the interest standard governing Rule 24(a)(2).

Standard of review: abuse of discretion. *Id.*

4. Whether the district court conducted the de novo review required by 28 U.S.C. § 636(b)(1) when it found the Report and Recommendation "free of clear error."

Standard of review: de novo, as a question of law. *Finkel v. Romanowicz*, 577 F.3d 79 (2d Cir. 2009).

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
25 WANSER LLC and 40 BAYVIEW LLC, Case No.: 25-cv-5824

Plaintiffs,

-against- **NOTICE OF APPEAL**

THE TOWN OF HEMPSTEAD and THE TOWN BOARD OF THE TOWN OF HEMPSTEAD, and JOHN/JANE DOE #1 through JOHN/JANE DOE #10,

Defendants.
---------------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that Proposed Intervenor-Defendant Martin Oliner, ("Oliner") appeals to the United States Court of Appeals for the Second Circuit from the Order of this Court entered on June 30, 2026, where the Court made the final determination denying Oliner's motion to intervene.

Dated: July 27, 2026

COHEN TAUBER SPIEVACK & WAGNER P.C.

By: /s/ Stephen Wagner
Stephen Wagner
M. David Possick
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel: 212-586-5800
swagner@ctswlaw.com
dpossick@ctswlaw.com

*Counsel for Proposed Intervenor-Defendant Martin Oliner*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------X

25 WANSER LLC, and
40 BAYVIEW LLC,

Plaintiffs,

-against-

THE TOWN OF HEMPSTEAD,
THE TOWN BOARD OF THE
TOWN OF HEMPSTEAD, and
JOHN/JANE DOE #1 through
JOHN/JANE DOE # 10,

Defendants.

---------------------------------------------X

ORDER
25-CV-5824(JS)(AYS)

APPEARANCES

For Proposed Intervenor Martin Oliner: Stephen Wagner, Esq.
M. David Possick, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170

For Defendants Town of Hempstead and the Town Board of the Town of Hempstead: Stanley A. Camhi
Jaspan Schlesinger Narendran LLP
300 Garden City Plaza, 5th Floor
Garden City, New York 11530

SEYBERT, District Judge:

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Proposed Intervenor Martin Oliner ("Proposed

Intervenor") objects to Magistrate Judge Anne Y. Shields's May 26, 2026 Report and Recommendations ("R&R," ECF No. 41), which recommends denying Proposed Intervenor's Motion to Intervene. (See Obj., ECF No. 43; see also Motion, ECF No. 26; Support Memo, ECF No. 26-1.) Plaintiffs 25 Wanser LLC and 40 Bayview LLC ("Plaintiffs") and Defendants Town of Hempstead and Town Board of the Town of Hempstead ("Defendants," collectively with Plaintiffs, the "Parties") oppose the Motion and have filed separate replies to Proposed Intervenor's Objection.[1] (See Opp'n, ECF No. 42; Defs.' Reply, ECF No. 44.) Because Proposed Intervenor has not identified a protectable interest warranting intervention as of right or a persuasive basis for permissive intervention, the Court OVERRULES his Objection and DENIES the Motion.

## BACKGROUND

### I. Facts

As Judge Shields provided in the R&R:

> Plaintiffs, 25 Wanser LLC and 40 Bayview LLC ("Plaintiffs"), are real estate developers who seek to build a 300-plus unit mixed-use residential building in North Lawrence, New York (the "Project"). (Compl. ¶ 29.) On May 27, 2019, Defendant Town of Hempstead (the "Town"), through Defendant The Town Board of the Town of Hempstead (the "Board"), adopted

[1] On June 23, 2026, Plaintiffs filed a Reply. (See ECF No. 45.) The Reply was filed by Attorney Colleen P. Collins, the Chief Legal Officer of Plaintiffs, who has not filed a Notice of Appearance in this Action. Plaintiffs have counsel of record, who did not file a Reply. Accordingly, Plaintiffs' Reply has not been considered by the Court.

legislation entitled "Transit Oriented Development and Related Districts for North Lawrence and Inwood["] (the "TOD Ordinance"), which established a Transit Oriented Development District ("TOD District") permitting mixed-use, high density residential developments in a 73.2-acre area in the overlay district of North Lawrence and Inwood. (Id. ¶¶ 26-27, 45.) The TOD Ordinance provided for an expedited approval process for applicant developers, which was intended to reduce project time and costs. (Id. ¶ 56.)

Over the next three years, and in reliance on the TOD Ordinance, Plaintiffs sought to advance their development plans in the TOD District, ultimately submitting their project application with the Town on February 18, 2022. (Id. ¶¶ 60-74.) During that time, however, it became apparent to the Town that the review procedure set forth in the TOD Ordinance was insufficient to ensure that a "hard look" was taken regarding the environmental impacts that the high-density, mixed-use development would have on the local community and surrounding areas. (Def. Mem. of Law 5.) On September 20, 2022, the Town enacted a moratorium on development in the TOD District and retained the services of Nelson Pope Voorhis, an environmental planning firm, to conduct a further review and analysis of the TOD Ordinance. (Compl. ¶¶ 91, 110.)

The moratorium was set to expire on June 18, 2024. Prior to its expiration, on June 2, 2024, the Board scheduled a public hearing on a proposed action to repeal the TOD Ordinance while allowing previously submitted project applications, such as Plaintiffs', to still be considered (the "Grandfathered-In Clause"). (Id. ¶ 109.) On November 19, 2024, the Board voted unanimously to repeal the TOD Ordinance without the Grandfathered-In Clause. (Id. ¶ 142.)

In June 2025, Plaintiffs initiated two Article 78 proceedings against the Town in New York Supreme Court. (Id. ¶ 158.) The first sought

to compel the Town to review and act upon Plaintiffs' permit application in accordance with the TOD Ordinance. The State Court found in Plaintiffs' favor in that action. (Id. ¶¶ 159-61.) The Town timely filed a Notice of Appeal and asserted its right to a stay of the State Court's directives pending appeal. (Def. Mem. of Law 6.)

The second Article 78 proceeding sought an order declaring the repeal of the TOD Ordinance null and void for failure to comply with New York General Municipal Law § 239-m prior to its adoption. (Compl. ¶ 162.) Again, the State Court decided in Plaintiffs' favor and again, the Town appealed. (Id.; Def. Mem. of Law 7.)

Plaintiffs commenced the within action on October 17, 2025, pursuant to 42 U.S.C Section 1983, asserting claims for violations of the Takings Clause and the Equal Protection Clause under the Fourteenth Amendment, as well as both substantive and procedural due process violations and First Amendment retaliation. Plaintiffs seek solely money damages and do not request any declaratory or injunctive relief.

On January 13, 2026, Proposed Intervenor Oliner filed the within motion to intervene herein as a defendant, pursuant to Rule 24 of the Federal Rules of Civil Procedure. (Docket Entry ("DE") [26].) Oliner is the former Mayor of Lawrence, New York as well as a resident who lives in close proximity to Plaintiffs' proposed project site. (Oliner's Mem. of Law 1.) Oliner asserts as grounds for his motion that he has a significant, protectable interest in preventing the Project from moving forward and that the Town and the Board are not adequately representing this vital interest. (Id. 2.) Plaintiffs and Defendants oppose Oliner's motion.

(R&R at 1-3.) Proposed Intervenor's Objection adopts the above factual summary by reference, but also adds the state court denial

of the TOD Ordinance was "on purely procedural grounds arising from the Town's failure to comply with New York General Municipal Law § 239-m's referral requirements." (Obj. at 2.)

## II. The R&R

On May 26, 2026, Judge Shields issued the R&R. (See Generally R&R.) Judge Shields first explained Rule 24(a)(2) requires a court to permit intervention where a proposed intervenor:

> (1) files a timely motion, (2) claims 'an interest relating to the property or transaction that is the subject of the action,' and (3) 'is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,' [and] (4) 'unless existing parties adequately represent that interest.'

(R&R at 4 (quoting FED. R. CIV. P. 24(a)(2); SEC v. Xia Yue, No. 21-CV-5350, 2026 WL 872956, at *2 (E.D.N.Y. Mar. 30, 2026).)

Applying these factors, Judge Shields determined Proposed Intervenor lacked a cognizable interest required for mandatory intervention under Rule 24(a)(2). (R&R at 5-6.) Emphasizing that Plaintiffs seek only money damages—and not declaratory or injunctive relief needed to resume development of the project—Judge Shields explained Proposed Intervenor's asserted interests in "zoning, land use, traffic patterns, environmental quality, and character of his community" were insufficient under

the Rule. (Id.) Judge Shields further found Proposed Intervenor failed to demonstrate any entitlement to money damages, the sole relief sought in this Action. (Id.)

Judge Shields also recommended denying permissive intervention under Rule 24(b), which allows intervention where the proposed intervenor's claim or defense shares a common question of law or fact with the main action. (Id. at 7.) Proposed Intervenor's stated concerns—including "support[ing the] voice of the residents of Lawrence and Inwood" and "restor[ing] public faith in democracy"—were deemed "extraneous." (Id. (quoting United States v. City of N.Y., 198 F.3d 360, 367 (2d Cir. 1999)).) Accordingly, Judge Shields determined permitting intervention on this basis would unduly delay adjudication of the Parties' rights, the principal discretionary consideration under Rule 24(b). (Id. at 7-8.)

III. Objection and Opposition

On June 9, 2026, Proposed Intervenor filed a timely Objection to Judge Shields's R&R, continuing to assert interests in "zoning, land use, traffic, environmental quality, and community character." (Obj. at 3.) He primarily contends Judge Shields mischaracterized the Action as one for money damages, since Plaintiffs' Complaint also seeks "such other, further, or different relief as this Court deems just and proper." (Id. at 1,

3-4.) He additionally argues that the true objective of Plaintiffs' Action is not "money damages for purported constitutional violations," but rather to use "constitutional litigation to pressure the Town into permitting a 300-plus unit high-density development that the Town's own expert found environmentally deficient and that thousands of residents have opposed." (Id. at 1, 4.) Proposed Intervenor also objects to Judge Shields's recommendation regarding permissive intervention under Rule 24(b), principally arguing that the R&R adopts an overly technical reading of the phrase "claim or defense." (Id. at 6.)

On June 18, 2026, Defendants filed their response to Proposed Intervenor's Objection, and on June 23, 2026, Plaintiffs filed a separate response. (See generally Defs.' Reply and Pls.' Reply.) Both urge the Court to adopt the R&R in its entirety. (Id.) As noted (see supra note 1), the Court declines to consider Plaintiff's response.

## DISCUSSION

### I. Applicable Law

#### A. Report and Recommendations

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED R. CIV. P. 72(b)(3). A party objecting to an R&R "must lodge a specific objection to

some specific aspect of the R&R," and "[w]hen a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments de novo." Nambiar v. Cent. Orthopedic Grp., LLP, 158 F.4th 349, 361 (2d Cir. 2025). The Court need not review the findings and conclusions to which no proper objection has been made, and an objection "may not simply rest on the briefs considered by the magistrate judge." Id.; Thomas v. Arn, 474 U.S. 140, 150 (1985).

B. Intervention

As Judge Shields correctly stated:

> Rule 24(a)(2) sets forth a four-part test for intervention as of right, stating that the Court "must permit anyone to intervene" who (1) files a timely motion, (2) claims "an interest relating to the property or transaction that is the subject of the action," and (3) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," (4) "unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2); see also SEC v. Xia Yue, No. 21-CV-5350, 2026 WL 872956, at *2 (E.D.N.Y. Mar. 30, 2026). All four parts of the foregoing test must be met for intervention as of right. See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 315 F.R.D. 169, 175 (S.D.N.Y. 2016) (citing United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994)).
>
> Under Rule 24(b)(1)(B), which provides for permissive intervention, a court "may permit anyone to intervene who has a claim or defense

> that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "A motion for permissive intervention, like one for intervention of right, must be timely." SEC v. Euro Sec. Fund, No. 98-CV-7347, 2006 WL 1461776, at *4 (S.D.N.Y. May 30, 2006) (quoting Catanzano By Catanzano v. Wing, 103 F.3d 223, 224 (2d Cir. 1996)). "In exercising its broad discretion under Rule 24(b), a court considers the same factors that it considers for intervention as of right." Innovation Ventures LLC v. Pittsburg Wholesale Grocers Inc., No. 13-CV-6397, 2019 WL 4805041, at *2 (E.D.N.Y. Sept. 30, 2019) (quoting MASTR Adjustable Rate Mortg. Tr. 2006-A3 v. UBS Real Estate Secs., No. 12-CV-7332, 2013 WL 139636, at *2 (S.D.N.Y. Jan. 11, 2013)) (additional citation omitted).
>
> Whether intervention is sought as of right or by permission, Rule 24(c) further requires the motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Many courts, however, have found that "a failure to attach . . . a proposed pleading," as required by Rule 24(c), "is not fatal to the motion to intervene." Innovation Ventures, 2019 WL 4805041, at *2 (quoting N. Shore-Long Island Jewish Health Sys., Inc. v. Multiplan, Inc., No. 12-CV-1633, 2015 WL 777248, at *18 (E.D.N.Y. Feb. 13, 2015)) (additional citation omitted); see also Murray v. City of New York, No. 21 Civ. 6892, 2023 WL 3984342, at *2 n.3 (E.D.N.Y. June 13, 2023) ("Courts in this Circuit regularly excuse the failure to include a pleading with a motion to intervene.") (collecting cases).

(R&R at 4-5.)

II. Application

A. Proposed Intervenor is Not Entitled to Mandatory Intervention

Proposed Intervenor's Objection does not establish a protectable interest under Rule 24(a). In an attempt to characterize this Action as anything other than a money-damages case, Proposed Intervenor argues the Complaint's boilerplate request for "such other, further, or different relief as this Court deems just and proper" demonstrates that Plaintiffs seek more than monetary relief. (Obj. at 3 (citing Compl. pp. 48).) However, Proposed Intervenor cites to no authority indicating such a brief, boilerplate sentence included at the end of a money-damages Complaint can transform an action into one for declaratory or injunctive relief for purposes of an intervention motion. Nor does a fair reading of the Complaint suggest this Action seeks such relief. Rather, as is plain from its text, the causes of action listed in Plaintiffs' Complaint each include attempted computations for monetary damages, thereby underscoring Plaintiffs' desire for money damages. (See Compl. ¶¶ 176-257.)

Proposed Intervenor's argument that "[c]ourts have recognized that the proper inquiry is not what remedy a plaintiff has chosen but what the proceeding is actually about" is likewise unavailing. (Obj. at 3-4.) This argument rests primarily on his settlement-leverage theory and reliance upon Rent Stabilization

Association of New York City v. State Division of Housing & Community Renewal, 252 A.D.2d 111, 115 (3d Dep't 1998). Rent Stabilization is a New York State case that did not arise under the Federal Rules of Civil Procedure, wherein a New York State court determined New York City was a necessary party in a case where the validity of one of its ordinances was being litigated by private parties. Id. Even setting aside that Rent Stabilization addressed intervention under the C.P.L.R. rather than Rule 24(a), the interest at issue there—a municipality's interest in the validity of its own ordinance—was far more direct and protectable than Proposed Intervenor's speculative concerns regarding settlement leverage. As Defendants state in their Reply, Proposed Intervenor "has not come forward with any evidence that the Town is not vigorously defending this Action or the proceedings Plaintiffs commenced in State court." (Defs.' Reply at 4.) Because Proposed Intervenor's asserted interest rests entirely upon speculation, he is not entitled to intervention as of right under Rule 24(a)(2).

B. Permissive Intervention is Also Not Warranted

As Proposed Intervenor's cited interest is entirely speculative, he is also not entitled to permissive intervention under Rule 24(b). See Innovation Ventures LLC, 2019 WL 4805041, at *2 (courts possess "broad discretion under Rule 24(b)").

Proposed Intervenor's reliance on Commack Self-Service Kosher Meats, Incorporated v. Rubin, a case where several rabbis were permitted to intervene in litigation concerning New York's kosher laws, is not availing. (Obj. at 5 (citing 170 F.R.D. 93, 106 (E.D.N.Y. 1996)).) In Commack Kosher, the Court found the rabbis had "an interest in the enforcement and the constitutionality of the Kosher Laws." 170 F.R.D. at 106. As in Rent Stabilization, the interest asserted in Commack Kosher did not depend upon speculation about litigation theories or reading into the parties' motivations. Rather, the intervenors had a direct stake in each case, which respectively impacted their ordinance-making powers and religious-practice interests. Such circumstances are not present in Proposed Intervenor's case.

Hence, upon de novo review, the Court finds the Magistrate Judge's thorough Report to be free of clear error. Therefore, overruling Proposed Intervenor's objections to said Report, the Court adopts Judge Shields's recommendation.

## CONCLUSION

Accordingly, for the stated reasons, **IT IS HEREBY ORDERED** that Proposed Intervenor's Objection is **OVERRULED** and the Magistrate Judge's R&R is **ADOPTED** in its entirety; therefore,

**IT IS FURTHER ORDERED** that Proposed Intervenor's Motion (ECF No. 26) is **DENIED.**

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 30, 2026
Central Islip, New York

APPEAL,ACO,CASREF,DECLINED−CONSENT,MJI

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:25−cv−05824−JS−AYS

| | |
|---|---|
| 25 Wanser LLC et al v. The Town of Hempstead et al<br>Assigned to: Judge Joanna Seybert<br>Referred to: Magistrate Judge Anne Y. Shields<br>Cause: 42:1983 Civil Rights Act | Date Filed: 10/17/2025<br>Jury Demand: Plaintiff<br>Nature of Suit: 440 Civil Rights: Other<br>Jurisdiction: Federal Question |

**Plaintiff**

**25 Wanser LLC** represented by

**Briana Enck−Smith**
Ruskin Moscou Faltischek, P.C.
NY
1425 RXR Plaza
15th Floor, East Tower
Uniondale, NY 11556
516−663−6600
Email: benck@rmfpc.com
*ATTORNEY TO BE NOTICED*

**Prachi Ajmera**
Michelman & Robinson LLP
NY
800 Third Avenue,
Ste 24th Floor
New York, NY 10022
212−730−7700
Email: pajmera@mrllp.com
*ATTORNEY TO BE NOTICED*

**Daniel E. Shapiro**
Ruskin Moscou Faltischek, P.C.
1425 RXR Plaza
15 Floor, East Tower
Uniondale, NY 11556
516−663−6600
Fax: 516−663−6730
Email: dshapiro@rmfpc.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**40 Bayview LLC** represented by

**Briana Enck−Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Prachi Ajmera**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel E. Shapiro**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Town of Hempstead** represented by

**Christopher E. Vatter**
Jaspan, Schlesinger & Hoffman, LLP
300 Garden City Plaza
Garden City, NY 11530

516−746−8000
Fax: 516−393−8282
Email: cvatter@jaspanllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laurel R. Kretzing**
Jaspan Schlesinger LLP
300 Garden City Plaza
Ste 5th Floor
Garden City, NY 11530
516−746−8000
Fax: 516−393−8282
Email: lkretzing@jaspanllp.com
*ATTORNEY TO BE NOTICED*

**Stanley A. Camhi**
Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, NY 11530
(516) 746−8000
Fax: (516) 393−8282
Email: scamhi@jaspanllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Town Board of the Town of Hempstead** represented by **Christopher E. Vatter**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laurel R. Kretzing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stanley A. Camhi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John/Jane Doe #1 through John/Jane Doe #10**
*representing individual public officers and private parties being named in their official and individual capacities with fictitious names that are presently unknown to Plaintiffs*

V.

**Intervenor Defendant**

**Martin Oliner** represented by **Stephen Wagner**
Cohen, Tauber, Spievack & Wagner, P.C.
420 Lexington Avenue, Suite 2400
New York, NY 10170
212−586−5800
Fax: 212−586−5095
Email: swagner@ctswlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**M. David Possick**

Cohen Tauber Spievack & Wagner PC
420 Lexington Avenue
Suite 2400
New York, NY 10170
212−381−8737
Email: dpossick@ctswlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/17/2025 | 2 | Letter MOTION for Refund of Fees Paid Electronically by 25 Wanser LLC, 40 Bayview LLC. (Attachments: # 1 Exhibit A − Requested Refund Payment Receipt, # 2 Exhibit B − Successful Payment Receipt) (Shapiro, Daniel) (Entered: 10/17/2025) |
| 10/17/2025 | 1 | COMPLAINT against John/Jane Doe #1 through John/Jane Doe #10, The Town Board of the Town of Hempstead, The Town of Hempstead Was the Disclosure Statement on Civil Cover Sheet completed −Yes,, filed by 25 Wanser LLC, 40 Bayview LLC. (Attachments: # 1 Proposed Summons, # 2 Civil Cover Sheet) (LJ) (Entered: 10/21/2025) |
| 10/17/2025 | | FILING FEE: $ 405, receipt number ANYEDC−19544385 (LJ) (Entered: 10/21/2025) |
| 10/20/2025 | | **Notice: Re: Incomplete Civil Cover Sheet. A completed Civil Cover Sheet was not filed − specifically page 2 of the document is incorrect (the instructions page is not the correct second page). Please submit a new Civil Cover Sheet using the event Proposed Summons/Civil Cover Sheet and complete all applicable questions under Certificate of Arbitration, Disclosure Statement, NY−E Division of Business Rule 1(d)(3) and Bar Admission found on page 2. The form is available at: https://www.nyed.uscourts.gov/sites/default/files/uploads/js44−45.pdf (LJ) (Entered: 10/20/2025) |
| 10/20/2025 | 3 | Civil Cover Sheet.. by 25 Wanser LLC, 40 Bayview LLC (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 4 | EXHIBIT *A − Transit−Oriented Development and Related Districts for North Lawrence and Inwood* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 5 | EXHIBIT *B − DRC Decision dated June 9, 2025* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 6 | EXHIBIT *C − Rescission Resolution Adopted June 4, 2024* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 7 | EXHIBIT *D − Environmental Assessment Form June 19 2024* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 8 | EXHIBIT *E − Nassau County Department of Public Works Planning Commission Letter* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 9 | EXHIBIT *F − Repeal Order dated June 9, 2025* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/21/2025 | | Incorrect Case/Document Entry Information. Corrected Defendant John/Jane Doe #1 through John/Jane Doe #10 on the docket to conform to the Complaint. Deleted Document Entry No. 1 (Complaint and Attachments) and re−entered as against all Defendants. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | 10 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (LJ) (Entered: 10/21/2025) |

| | | |
|---|---|---|
| 10/21/2025 | | Case Assigned to Magistrate Judge Anne Y. Shields. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | 11 | Clerks Notice Re: Consent. A magistrate judge has been assigned as the presiding judge in this case under the EDNY Direct Assignment Program, governed by EDNY Administrative Order 2025−14. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form is also available here: https://www.nyed.uscourts.gov/sites/default/files/uploads/mjconsentform.pdf. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent form unless all parties have signed the consent form. Unless all parties consent to the Magistrate Judge jurisdiction by the deadline set forth in the Administrative Order 2025−14, a District Judge will be assigned to the case. The parties are directed to review the terms of Administrative Order 2025−14 and other materials related to the EDNY Direct Assignment Program on the Court's website: https://www.nyed.uscourts.gov/bulletin−direct−assignment−program. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | | Your proposed summons was not issued for the following reasons: **The full case caption as it appears on the complaint must also appear on the summons and/or a rider. Additionally, the CLERK OF COURT name needs to be updated. As of 2/1/2022, Brenna B. Mahoney is the Clerk of Court for the Eastern District of New York.**<br><br>Please correct and resubmit using the event Proposed Summons/Civil Cover Sheet. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | 12 | Proposed Summons. by 25 Wanser LLC, 40 Bayview LLC (Shapiro, Daniel) (Entered: 10/21/2025) |
| 10/22/2025 | 13 | Summons Issued as to The Town Board of the Town of Hempstead, The Town of Hempstead. (LJ) (Entered: 10/22/2025) |
| 10/24/2025 | 14 | SUMMONS Returned Executed by 25 Wanser LLC, 40 Bayview LLC. The Town Board of the Town of Hempstead served on 10/22/2025, answer due 11/12/2025. (Shapiro, Daniel) (Entered: 10/24/2025) |
| 10/24/2025 | 15 | SUMMONS Returned Executed by 25 Wanser LLC, 40 Bayview LLC. The Town of Hempstead served on 10/22/2025, answer due 11/12/2025. (Shapiro, Daniel) (Entered: 10/24/2025) |
| 11/07/2025 | 16 | NOTICE of Appearance by Christopher E. Vatter on behalf of The Town Board of the Town of Hempstead, The Town of Hempstead (aty to be noticed) (Vatter, Christopher) (Entered: 11/07/2025) |
| 11/07/2025 | 17 | NOTICE of Appearance by Laurel R. Kretzing on behalf of The Town Board of the Town of Hempstead, The Town of Hempstead (aty to be noticed) (Kretzing, Laurel) (Entered: 11/07/2025) |
| 11/07/2025 | 18 | NOTICE of Appearance by Stanley A. Camhi on behalf of The Town Board of the Town of Hempstead, The Town of Hempstead (aty to be noticed) (Camhi, Stanley) (Entered: 11/07/2025) |
| 11/10/2025 | 19 | Letter MOTION for Extension of Time to File Answer re 1 Complaint, by The Town Board of the Town of Hempstead, The Town of Hempstead. (Vatter, Christopher) (Entered: 11/10/2025) |
| 11/10/2025 | | ORDER granting 19 Motion for Extension of Time to Answer: The Town Board of the Town of Hempstead answer due 12/15/2025; The Town of Hempstead answer due 12/15/2025. So Ordered by Magistrate Judge Anne Y. Shields on 11/10/2025. (DM) (Entered: 11/10/2025) |

| | | |
|---|---|---|
| 11/18/2025 | 20 | Request for Refund of Fees Paid Electronically approved by Lisa Florio, Operations Manager, on 11/18/2025. (LF) (Entered: 11/18/2025) |
| 12/01/2025 | 21 | Letter *Advising of Defendants' Intention to File a Motion to Dismiss* by The Town Board of the Town of Hempstead, The Town of Hempstead (Camhi, Stanley) (Entered: 12/01/2025) |
| 12/02/2025 | | NOTICE to Assign District Judge: The Clerk of Court is directed to reassign this case to a district judge. (DM) (Entered: 12/02/2025) |
| 12/02/2025 | | Case Reassigned to Judge Joanna Seybert and Magistrate Judge Anne Y. Shields. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (LJ) (Entered: 12/02/2025) |
| 12/02/2025 | 22 | NOTICE of Appearance by Prachi Ajmera on behalf of 25 Wanser LLC, 40 Bayview LLC (aty to be noticed) (Ajmera, Prachi) (Entered: 12/02/2025) |
| 12/12/2025 | 23 | Letter MOTION for pre motion conference by The Town Board of the Town of Hempstead, The Town of Hempstead. (Camhi, Stanley) (Entered: 12/12/2025) |
| 12/19/2025 | 24 | RESPONSE to Motion re 23 Letter MOTION for pre motion conference filed by 25 Wanser LLC, 40 Bayview LLC. (Shapiro, Daniel) (Entered: 12/19/2025) |
| 12/22/2025 | | ELECTRONIC ORDER granting in part and denying in part 23 Letter MOTION for pre motion conference (hereafter, the PMC Request): Defendants PMC Request is GRANTED to the following extent; the Court waives its pre−motion conference requirement and sets the following briefing schedule:<br><br>(1) On or before February 2, 2026, Defendants shall serve their dismissal motion upon Plaintiffs;<br><br>(2) On or before March 4, 2026, Plaintiffs shall serve their Opposition on Defendants; and<br><br>(3) On or before March 25, 2026, Defendants shall serve their Reply, if any, on Plaintiffs.<br><br>In accordance with the "bundle rule," no motion papers shall be filed with the Court until the motion is fully briefed by both sides. Defendants, as the moving party, is responsible for the filing of all motion papers. Courtesy copies of same are to be delivered promptly thereafter to Chambers. Ordered by Judge Joanna Seybert on 12/22/2025. (CG) (Entered: 12/22/2025) |
| 12/22/2025 | 25 | NOTICE of Appearance by Briana Enck−Smith on behalf of 25 Wanser LLC, 40 Bayview LLC (aty to be noticed) (Enck−Smith, Briana) (Entered: 12/22/2025) |
| 01/13/2026 | 26 | MOTION to Intervene *as Defendant* by Martin Oliner. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Stephen Wagner, # 3 Exhibit 1 − Nelson Pope Voorhis, LLC Report) (Wagner, Stephen) (Entered: 01/13/2026) |
| 01/27/2026 | 27 | Letter *To Stephen Wagner, Esq. Forwarding Copy of Town of Hempstead and the Town Board of the Town of Hempstead's Memorandum of Law in Opposition to Martin Oliner's Motion to Intervene* by The Town Board of the Town of Hempstead, The Town of Hempstead (Attachments: # 1 Certificate of Service) (Kretzing, Laurel) (Entered: 01/27/2026) |
| 01/28/2026 | 28 | Letter MOTION for Extension of Time to File *Opposition to the Motion to Intervene* by 25 Wanser LLC, 40 Bayview LLC. (Shapiro, Daniel) (Entered: 01/28/2026) |
| 01/28/2026 | | Order GRANTING 28 Letter MOTION for Extension of Time to File Opposition to the Motion to Intervene. Plaintiffs shall serve their opposition to the motion to intervene no later than February 27, 2026. Proposed Intervening Defendant Martin Oliner shall serve his reply, if any, by March 4, 2026. Ordered by Judge Joanna Seybert on January 28, 2026. (CG) (Entered: 01/28/2026) |
| 02/02/2026 | 29 | Letter MOTION for Extension of Time to File *Motion and Adjourn Briefing Schedule* by The Town Board of the Town of Hempstead, The Town of Hempstead. (Kretzing, |

| | | |
|---|---|---|
| | | Laurel) (Entered: 02/02/2026) |
| 02/03/2026 | | Order GRANTING 29 Motion for Extension of Time to File Motion and Adjourn Briefing Schedule to the following extent:<br><br>(1) On or before April 2, 2026, Defendants shall serve their dismissal motion upon Plaintiffs;<br><br>(2) On or before May 4, 2026, Plaintiffs shall serve their Opposition on Defendants; and<br><br>(3) On or before May 25, 2026, Defendants shall serve their Reply, if any, on Plaintiffs.<br><br>In accordance with the "bundle rule," no motion papers shall be filed with the Court until the motion is fully briefed by both sides. Defendants, as the moving party, is responsible for the filing of all motion papers. Courtesy copies of same are to be delivered promptly thereafter to Chambers. Ordered by Judge Joanna Seybert on 2/3/2026. (CG) (Entered: 02/03/2026) |
| 02/04/2026 | 30 | MOTION to Disqualify Counsel *Ruskin Moscou Faltischek, P.C. for Plaintiffs* by Martin Oliner. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Martin Oliner) (Wagner, Stephen) (Entered: 02/04/2026) |
| 02/09/2026 | 31 | NOTICE of Appearance by M. David Possick on behalf of Martin Oliner (aty to be noticed) (Possick, M.) (Entered: 02/09/2026) |
| 02/17/2026 | 32 | Letter MOTION for Extension of Time to File by 25 Wanser LLC, 40 Bayview LLC. (Shapiro, Daniel) (Entered: 02/17/2026) |
| 02/17/2026 | 33 | REPLY in Opposition re 32 Letter MOTION for Extension of Time to File filed by Martin Oliner. (Wagner, Stephen) (Entered: 02/17/2026) |
| 02/18/2026 | | Order DENYING Proposed Intervenor Martin Oliner's Motion to Disqualify Counsel 30 as premature, without prejudice to renew following the Court's ruling on the Proposed Intervenor's Motion to Intervene. (See ECF No. 26). The untimely Letter Motion for Extension of Time to File (ECF No. 32 ) is accordingly DENIED as MOOT. See Seybert Individual Rule I(F)(1) ("All requests for adjournments [... ] shall be made as soon as a party is aware of the need and, in any event, **at least two (2) business days prior to the appearance, scheduled hearing, or deadline**" (emphasis in original).) So Ordered by Judge Joanna Seybert on 2/18/2026. (CG) (Entered: 02/18/2026) |
| 02/27/2026 | 34 | Letter *on behalf of plaintiff's pro se* by 25 Wanser LLC, 40 Bayview LLC (Shapiro, Daniel) (Entered: 02/27/2026) |
| 03/02/2026 | 35 | MOTION for Extension of Time to File Response/Reply as to 26 MOTION to Intervene *as Defendant* by Martin Oliner. (Wagner, Stephen) (Entered: 03/02/2026) |
| 03/02/2026 | | ORDER granting 35 Motion for Extension of Time to File Response/Reply (the "Motion"). The Court has reviewed the Motion and considered the parties' uniform consent to its sought relief. Accordingly, the Court GRANTS the Motion to the extent Proposed Intervenor Martin Oliner's deadline to file a reply brief in support of his Motion to Intervene is extended from March 4, 2026 to March 25, 2026. So Ordered by Judge Joanna Seybert on 3/2/2026. (CG) (Entered: 03/02/2026) |
| 03/12/2026 | | ORDER REFERRING MOTION 26 MOTION to Intervene as Defendant. Proposed Intervenor Martin Oliners Motion to Intervene (ECF No. 26 ) is referred to Magistrate Judge Shields **for decision**. Ordered by Judge Joanna Seybert on 3/12/2026. (CG) (Entered: 03/12/2026) |
| 03/25/2026 | 36 | REPLY to Response to Motion re 26 MOTION to Intervene *as Defendant* filed by Martin Oliner. (Attachments: # 1 Proposed answer and defenses of Martin Oliner pursuant to FRCP 24(c), # 2 Reply Declaration of Stephen Wagner, # 3 Exhibit Exhibit A− Project application, # 4 Exhibit Exhibit B − Donation spreadsheet, # 5 Exhibit Exhibit C − Newsday Article) (Wagner, Stephen) (Entered: 03/25/2026) |

| | | |
|---|---|---|
| 03/25/2026 | 37 | Letter *enclosing Motion to Intervene via FedEx to Judge Shields* by Martin Oliner (Wagner, Stephen) (Entered: 03/25/2026) |
| 04/02/2026 | 38 | Letter *Serving Defendants' Motion to Dismiss to Counsel for Plaintiff* by The Town Board of the Town of Hempstead, The Town of Hempstead (Camhi, Stanley) (Entered: 04/02/2026) |
| 05/04/2026 | 39 | Letter *serving Plaintiffs' Opposition to Defendant's Motion to Dismiss* by 25 Wanser LLC, 40 Bayview LLC (Shapiro, Daniel) (Entered: 05/04/2026) |
| 05/22/2026 | 40 | MOTION to Dismiss by The Town Board of the Town of Hempstead, The Town of Hempstead. (Attachments: # 1 Declaration Of Stanley A. Camhi, Esq., # 2 Exhibit Exhibit A − Transit Oriented Development and Related Districts for North, # 3 Exhibit Exhibit B − Resolution declaring the Town Lead Agency with respect to the environmental review of the TOD Ordinance, # 4 Exhibit Exhibit C − Relevant pages from Expanded Environmental Assessment, # 5 Exhibit Exhibit D − Negative Declaration re: SEQRA, # 6 Exhibit Exhibit E − Resolution enacting moratorium, dated September 20, 2022, # 7 Exhibit Exhibit F − Nelson Pope Voorhis Report, # 8 Exhibit Exhibit G − Resolution scheduling public hearing on proposed Rescission of the, # 9 Exhibit Exhibit H − Nassau County Planning Commission (NCPC) Resolution, # 10 Exhibit Exhibit I − NCPC transmittal letter, # 11 Exhibit Exhibit J − Public Hearing transcript, July 2, 2024, # 12 Exhibit Exhibit K − Resolution Repealing the TOD Ordinance, # 13 Exhibit Exhibit L − Decision Wanser I, # 14 Exhibit Exhibit M − Decision Wanser II, # 15 Exhibit Exhibit N − Pre TOD Ordinance Zoning Map, # 16 Exhibit Exhibit O − Prospects Permit Application, # 17 Memorandum in Support, # 18 Declaration Of Daniel E. Shapiro, Esq., # 19 Exhibit Exhibit A to Declaration of Daniel E. Shapiro,Esq. − Plaintiff's Notice of Cross Appeal, # 20 Memorandum in Opposition, # 21 Memorandum in Support) (Camhi, Stanley) (Entered: 05/22/2026) |
| 05/26/2026 | 41 | REPORT AND RECOMMENDATIONS re 26 MOTION to Intervene *as Defendant* filed by Martin Oliner: For the reasons contained in the attached Report and Recommendation, this Court respectfully recommends that Proposed Intervenor Martin Oliner's motion to intervene be denied in its entirety. Objections to R&R due by 6/9/2026. So Ordered by Magistrate Judge Anne Y. Shields on 5/26/2026. (DM) (Entered: 05/26/2026) |
| 05/26/2026 | 42 | MEMORANDUM in Opposition re 26 MOTION to Intervene *as Defendant* filed by The Town Board of the Town of Hempstead, The Town of Hempstead. (Camhi, Stanley) (Entered: 05/26/2026) |
| 06/09/2026 | 43 | OBJECTION to 41 Report and Recommendations filed by Martin Oliner. (Wagner, Stephen) (Entered: 06/09/2026) |
| 06/18/2026 | 44 | OBJECTION to 41 Report and Recommendations *Town Defendants' Response to Proposed Intervenor's Objections to the Report and Recommendations* filed by The Town Board of the Town of Hempstead, The Town of Hempstead. (Camhi, Stanley) (Entered: 06/18/2026) |
| 06/23/2026 | 45 | OBJECTION to 41 Report and Recommendations *PLAINTIFFS 25 WANSER LLC AND 40 BAYVIEW LLC (PRO SE) RESPONSE TO PROPOSED INTERVENORS OBJECTIONS TO THE REPORT AND RECOMMENDATIONS* filed by 25 Wanser LLC, 40 Bayview LLC. (Shapiro, Daniel) (Entered: 06/23/2026) |
| 06/30/2026 | 46 | ORDER ADOPTING REPORT AND RECOMMENDATIONS denying 26 Motion to Intervene; adopting Report and Recommendations as to 41 Report and Recommendations. IT IS HEREBY ORDERED that Proposed Intervenor's Objection is OVERRULED and the Magistrate Judge's R&R is ADOPTED in its entirety; therefore, IT IS FURTHER ORDERED that Proposed Intervenor's Motion (ECF No. 26) is DENIED. So Ordered by Judge Joanna Seybert on 6/30/2026. (CV) (Entered: 06/30/2026) |
| 07/27/2026 | 47 | NOTICE OF INTERLOCUTORY APPEAL as to 46 Order Adopting Report and Recommendations, Order on Motion to Intervene, Order on Report and Recommendations, by Martin Oliner. Proposed Intervenor−Defendant Martin Oliner's notice of appeal of June 30,2026 order (Wagner, Stephen) (Entered: 07/27/2026) (KS) (Entered: 07/28/2026) |

| | | |
|---|---|---|
| 07/28/2026 | | APPEAL FILING FEE DUE re 47 Notice of Interlocutory Appeal, Payment in the amount of $605.00, can be made in person to the clerks office, or mailed in or paid online with the event *Civil Case Appeal Filing Fee*. (KS) (Entered: 07/28/2026) |
| 07/28/2026 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 47 Notice of Interlocutory Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (KS) (Entered: 07/28/2026) |

# EXHIBIT B

APPEAL,ACO,CASREF,DECLINED-CONSENT,MJI

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:25-cv-05824-JS-AYS

25 Wanser LLC et al v. The Town of Hempstead et al
Assigned to: Judge Joanna Seybert
Referred to: Magistrate Judge Anne Y. Shields
Cause: 42:1983 Civil Rights Act

Date Filed: 10/17/2025
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**25 Wanser LLC** represented by

**Briana Enck-Smith**
Ruskin Moscou Faltischek, P.C.
NY
1425 RXR Plaza
15th Floor, East Tower
Uniondale, NY 11556
516-663-6600
Email: benck@rmfpc.com
*ATTORNEY TO BE NOTICED*

**Prachi Ajmera**
Michelman & Robinson LLP
NY
800 Third Avenue,
Ste 24th Floor
New York, NY 10022
212-730-7700
Email: pajmera@mrllp.com
*ATTORNEY TO BE NOTICED*

**Daniel E. Shapiro**
Ruskin Moscou Faltischek, P.C.
1425 RXR Plaza
15 Floor, East Tower
Uniondale, NY 11556
516-663-6600
Fax: 516-663-6730
Email: dshapiro@rmfpc.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**40 Bayview LLC** represented by

**Briana Enck-Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Prachi Ajmera**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Daniel E. Shapiro**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **The Town of Hempstead** | represented by | **Christopher E. Vatter**<br>Jaspan, Schlesinger & Hoffman, LLP<br>300 Garden City Plaza<br>Garden City, NY 11530<br>516-746-8000<br>Fax: 516-393-8282<br>Email: cvatter@jaspanllp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Laurel R. Kretzing**<br>Jaspan Schlesinger LLP<br>300 Garden City Plaza<br>Ste 5th Floor<br>Garden City, NY 11530<br>516-746-8000<br>Fax: 516-393-8282<br>Email: lkretzing@jaspanllp.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Stanley A. Camhi**<br>Jaspan Schlesinger LLP<br>300 Garden City Plaza<br>Garden City, NY 11530<br>(516) 746-8000<br>Fax: (516) 393-8282<br>Email: scamhi@jaspanllp.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **The Town Board of the Town of Hempstead** | represented by | **Christopher E. Vatter**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Laurel R. Kretzing**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Stanley A. Camhi**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**John/Jane Doe #1 through John/Jane Doe #10**
*representing individual public officers and private parties being named in their official and individual capacities with fictitious names that are presently unknown to Plaintiffs*

V.

**Intervenor Defendant**

**Martin Oliner** represented by **Stephen Wagner**
Cohen, Tauber, Spievack & Wagner, P.C.
420 Lexington Avenue, Suite 2400
New York, NY 10170
212-586-5800
Fax: 212-586-5095
Email: swagner@ctswlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**M. David Possick**
Cohen Tauber Spievack & Wagner PC
420 Lexington Avenue
Suite 2400
New York, NY 10170
212-381-8737
Email: dpossick@ctswlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/17/2025 | 2 | Letter MOTION for Refund of Fees Paid Electronically by 25 Wanser LLC, 40 Bayview LLC. (Attachments: # 1 Exhibit A - Requested Refund Payment Receipt, # 2 Exhibit B - Successful Payment Receipt) (Shapiro, Daniel) (Entered: 10/17/2025) |
| 10/17/2025 | 1 | COMPLAINT against John/Jane Doe #1 through John/Jane Doe #10, The Town Board of the Town of Hempstead, The Town of Hempstead Was the Disclosure Statement on Civil Cover Sheet completed -Yes,, filed by 25 Wanser LLC, 40 Bayview LLC. (Attachments: # 1 Proposed Summons, # 2 Civil Cover Sheet) (LJ) (Entered: 10/21/2025) |
| 10/17/2025 | | FILING FEE: $ 405, receipt number ANYEDC-19544385 (LJ) (Entered: 10/21/2025) |
| 10/20/2025 | | **Notice: Re: Incomplete Civil Cover Sheet. A completed Civil Cover Sheet was not filed - specifically page 2 of the document is incorrect (the instructions page is not the correct second page). Please submit a new Civil Cover Sheet using the event Proposed Summons/Civil Cover Sheet and complete all applicable questions under Certificate of Arbitration, Disclosure Statement, NY-E Division of Business Rule 1(d)(3) and Bar Admission found on page 2. The form is available at: https://www.nyed.uscourts.gov/sites/default/files/uploads/js44-45.pdf (LJ) (Entered: 10/20/2025) |
| 10/20/2025 | 3 | Civil Cover Sheet.. by 25 Wanser LLC, 40 Bayview LLC (Shapiro, Daniel) (Entered: 10/20/2025) |

| | | |
|---|---|---|
| 10/20/2025 | 4 | EXHIBIT *A - Transit-Oriented Development and Related Districts for North Lawrence and Inwood* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 5 | EXHIBIT *B - DRC Decision dated June 9, 2025* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 6 | EXHIBIT *C - Rescission Resolution Adopted June 4, 2024* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 7 | EXHIBIT *D - Environmental Assessment Form June 19 2024* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 8 | EXHIBIT *E - Nassau County Department of Public Works Planning Commission Letter* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/20/2025 | 9 | EXHIBIT *F - Repeal Order dated June 9, 2025* by 25 Wanser LLC, 40 Bayview LLC. Related document: 1 Complaint, filed by 40 Bayview LLC, 25 Wanser LLC. (Shapiro, Daniel) (Entered: 10/20/2025) |
| 10/21/2025 | | Incorrect Case/Document Entry Information. Corrected Defendant John/Jane Doe #1 through John/Jane Doe #10 on the docket to conform to the Complaint. Deleted Document Entry No. 1 (Complaint and Attachments) and re-entered as against all Defendants. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | 10 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | | Case Assigned to Magistrate Judge Anne Y. Shields. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | 11 | Clerks Notice Re: Consent. A magistrate judge has been assigned as the presiding judge in this case under the EDNY Direct Assignment Program, governed by EDNY Administrative Order 2025-14. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form is also available here: https://www.nyed.uscourts.gov/sites/default/files/uploads/mjconsentform.pdf. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent form unless all parties have signed the consent form. Unless all parties consent to the Magistrate Judge jurisdiction by the deadline set forth in the Administrative Order 2025-14, a District Judge will be assigned to the case. The parties are directed to review the terms of Administrative Order 2025-14 and other materials related to the EDNY Direct Assignment Program on the Court's website: https://www.nyed.uscourts.gov/bulletin-direct-assignment-program. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | | Your proposed summons was not issued for the following reasons: **The full case caption as it appears on the complaint must also appear on the summons and/or a rider. Additionally, the CLERK OF COURT name needs to be updated. As of 2/1/2022, Brenna B. Mahoney is the Clerk of Court for the Eastern District of New York.** |

| | | |
|---|---|---|
| | | Please correct and resubmit using the event Proposed Summons/Civil Cover Sheet. (LJ) (Entered: 10/21/2025) |
| 10/21/2025 | 12 | Proposed Summons. by 25 Wanser LLC, 40 Bayview LLC (Shapiro, Daniel) (Entered: 10/21/2025) |
| 10/22/2025 | 13 | Summons Issued as to The Town Board of the Town of Hempstead, The Town of Hempstead. (LJ) (Entered: 10/22/2025) |
| 10/24/2025 | 14 | SUMMONS Returned Executed by 25 Wanser LLC, 40 Bayview LLC. The Town Board of the Town of Hempstead served on 10/22/2025, answer due 11/12/2025. (Shapiro, Daniel) (Entered: 10/24/2025) |
| 10/24/2025 | 15 | SUMMONS Returned Executed by 25 Wanser LLC, 40 Bayview LLC. The Town of Hempstead served on 10/22/2025, answer due 11/12/2025. (Shapiro, Daniel) (Entered: 10/24/2025) |
| 11/07/2025 | 16 | NOTICE of Appearance by Christopher E. Vatter on behalf of The Town Board of the Town of Hempstead, The Town of Hempstead (aty to be noticed) (Vatter, Christopher) (Entered: 11/07/2025) |
| 11/07/2025 | 17 | NOTICE of Appearance by Laurel R. Kretzing on behalf of The Town Board of the Town of Hempstead, The Town of Hempstead (aty to be noticed) (Kretzing, Laurel) (Entered: 11/07/2025) |
| 11/07/2025 | 18 | NOTICE of Appearance by Stanley A. Camhi on behalf of The Town Board of the Town of Hempstead, The Town of Hempstead (aty to be noticed) (Camhi, Stanley) (Entered: 11/07/2025) |
| 11/10/2025 | 19 | Letter MOTION for Extension of Time to File Answer re 1 Complaint, by The Town Board of the Town of Hempstead, The Town of Hempstead. (Vatter, Christopher) (Entered: 11/10/2025) |
| 11/10/2025 | | ORDER granting 19 Motion for Extension of Time to Answer: The Town Board of the Town of Hempstead answer due 12/15/2025; The Town of Hempstead answer due 12/15/2025. So Ordered by Magistrate Judge Anne Y. Shields on 11/10/2025. (DM) (Entered: 11/10/2025) |
| 11/18/2025 | 20 | Request for Refund of Fees Paid Electronically approved by Lisa Florio, Operations Manager, on 11/18/2025. (LF) (Entered: 11/18/2025) |
| 12/01/2025 | 21 | Letter *Adivising of Defendants' Intention to File a Motion to Dismiss* by The Town Board of the Town of Hempstead, The Town of Hempstead (Camhi, Stanley) (Entered: 12/01/2025) |
| 12/02/2025 | | NOTICE to Assign District Judge: The Clerk of Court is directed to reassign this case to a district judge. (DM) (Entered: 12/02/2025) |
| 12/02/2025 | | Case Reassigned to Judge Joanna Seybert and Magistrate Judge Anne Y. Shields. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (LJ) (Entered: 12/02/2025) |
| 12/02/2025 | 22 | NOTICE of Appearance by Prachi Ajmera on behalf of 25 Wanser LLC, 40 Bayview LLC (aty to be noticed) (Ajmera, Prachi) (Entered: 12/02/2025) |
| 12/12/2025 | 23 | Letter MOTION for pre motion conference by The Town Board of the Town of Hempstead, The Town of Hempstead. (Camhi, Stanley) (Entered: 12/12/2025) |

| | | |
|---|---|---|
| 12/19/2025 | 24 | RESPONSE to Motion re 23 Letter MOTION for pre motion conference filed by 25 Wanser LLC, 40 Bayview LLC. (Shapiro, Daniel) (Entered: 12/19/2025) |
| 12/22/2025 | | ELECTRONIC ORDER granting in part and denying in part 23 Letter MOTION for pre motion conference (hereafter, the PMC Request): Defendants PMC Request is GRANTED to the following extent; the Court waives its pre-motion conference requirement and sets the following briefing schedule:<br><br>(1) On or before February 2, 2026, Defendants shall serve their dismissal motion upon Plaintiffs;<br><br>(2) On or before March 4, 2026, Plaintiffs shall serve their Opposition on Defendants; and<br><br>(3) On or before March 25, 2026, Defendants shall serve their Reply, if any, on Plaintiffs.<br><br>In accordance with the "bundle rule," no motion papers shall be filed with the Court until the motion is fully briefed by both sides. Defendants, as the moving party, is responsible for the filing of all motion papers. Courtesy copies of same are to be delivered promptly thereafter to Chambers. Ordered by Judge Joanna Seybert on 12/22/2025. (CG) (Entered: 12/22/2025) |
| 12/22/2025 | 25 | NOTICE of Appearance by Briana Enck-Smith on behalf of 25 Wanser LLC, 40 Bayview LLC (aty to be noticed) (Enck-Smith, Briana) (Entered: 12/22/2025) |
| 01/13/2026 | 26 | MOTION to Intervene *as Defendant* by Martin Oliner. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Stephen Wagner, # 3 Exhibit 1 - Nelson Pope Voorhis, LLC Report) (Wagner, Stephen) (Entered: 01/13/2026) |
| 01/27/2026 | 27 | Letter *To Stephen Wagner, Esq. Forwarding Copy of Town of Hempstead and the Town Board of the Town of Hempstead's Memorandum of Law in Opposition to Martin Oliner's Motion to Intervene* by The Town Board of the Town of Hempstead, The Town of Hempstead (Attachments: # 1 Certificate of Service) (Kretzing, Laurel) (Entered: 01/27/2026) |
| 01/28/2026 | 28 | Letter MOTION for Extension of Time to File *Opposition to the Motion to Intervene* by 25 Wanser LLC, 40 Bayview LLC. (Shapiro, Daniel) (Entered: 01/28/2026) |
| 01/28/2026 | | Order GRANTING 28 Letter MOTION for Extension of Time to File Opposition to the Motion to Intervene. Plaintiffs shall serve their opposition to the motion to intervene no later than February 27, 2026. Proposed Intervening Defendant Martin Oliner shall serve his reply, if any, by March 4, 2026. Ordered by Judge Joanna Seybert on January 28, 2026. (CG) (Entered: 01/28/2026) |
| 02/02/2026 | 29 | Letter MOTION for Extension of Time to File *Motion and Adjourn Briefing Schedule* by The Town Board of the Town of Hempstead, The Town of Hempstead. (Kretzing, Laurel) (Entered: 02/02/2026) |
| 02/03/2026 | | Order GRANTING 29 Motion for Extension of Time to File Motion and Adjourn Briefing Schedule to the following extent:<br><br>(1) On or before April 2, 2026, Defendants shall serve their dismissal motion upon Plaintiffs;<br><br>(2) On or before May 4, 2026, Plaintiffs shall serve their Opposition on Defendants; and<br><br>(3) On or before May 25, 2026, Defendants shall serve their Reply, if any, on Plaintiffs. |

| | | |
|---|---|---|
| | | In accordance with the "bundle rule," no motion papers shall be filed with the Court until the motion is fully briefed by both sides. Defendants, as the moving party, is responsible for the filing of all motion papers. Courtesy copies of same are to be delivered promptly thereafter to Chambers. Ordered by Judge Joanna Seybert on 2/3/2026. (CG) (Entered: 02/03/2026) |
| 02/04/2026 | 30 | MOTION to Disqualify Counsel *Ruskin Moscou Faltischek, P.C. for Plaintiffs* by Martin Oliner. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Martin Oliner) (Wagner, Stephen) (Entered: 02/04/2026) |
| 02/09/2026 | 31 | NOTICE of Appearance by M. David Possick on behalf of Martin Oliner (aty to be noticed) (Possick, M.) (Entered: 02/09/2026) |
| 02/17/2026 | 32 | Letter MOTION for Extension of Time to File by 25 Wanser LLC, 40 Bayview LLC. (Shapiro, Daniel) (Entered: 02/17/2026) |
| 02/17/2026 | 33 | REPLY in Opposition re 32 Letter MOTION for Extension of Time to File filed by Martin Oliner. (Wagner, Stephen) (Entered: 02/17/2026) |
| 02/18/2026 | | Order DENYING Proposed Intervenor Martin Oliner's Motion to Disqualify Counsel 30 as premature, without prejudice to renew following the Court's ruling on the Proposed Intervenor's Motion to Intervene. (See ECF No. 26). The untimely Letter Motion for Extension of Time to File (ECF No. 32 ) is accordingly DENIED as MOOT. See Seybert Individual Rule I(F)(1) ("All requests for adjournments [... ] shall be made as soon as a party is aware of the need and, in any event, **at least two (2) business days prior to the appearance, scheduled hearing, or deadline**" (emphasis in original).) So Ordered by Judge Joanna Seybert on 2/18/2026. (CG) (Entered: 02/18/2026) |
| 02/27/2026 | 34 | Letter *on behalf of plaintiff's pro se* by 25 Wanser LLC, 40 Bayview LLC (Shapiro, Daniel) (Entered: 02/27/2026) |
| 03/02/2026 | 35 | MOTION for Extension of Time to File Response/Reply as to 26 MOTION to Intervene *as Defendant* by Martin Oliner. (Wagner, Stephen) (Entered: 03/02/2026) |
| 03/02/2026 | | ORDER granting 35 Motion for Extension of Time to File Response/Reply (the "Motion"). The Court has reviewed the Motion and considered the parties' uniform consent to its sought relief. Accordingly, the Court GRANTS the Motion to the extent Proposed Intervenor Martin Oliner's deadline to file a reply brief in support of his Motion to Intervene is extended from March 4, 2026 to March 25, 2026. So Ordered by Judge Joanna Seybert on 3/2/2026. (CG) (Entered: 03/02/2026) |
| 03/12/2026 | | ORDER REFERRING MOTION 26 MOTION to Intervene as Defendant. Proposed Intervenor Martin Oliners Motion to Intervene (ECF No. 26 ) is referred to Magistrate Judge Shields **for decision**. Ordered by Judge Joanna Seybert on 3/12/2026. (CG) (Entered: 03/12/2026) |
| 03/25/2026 | 36 | REPLY to Response to Motion re 26 MOTION to Intervene *as Defendant* filed by Martin Oliner. (Attachments: # 1 Proposed answer and defenses of Martin Oliner pursuant to FRCP 24(c), # 2 Reply Declaration of Stephen Wagner, # 3 Exhibit Exhibit A- Project application, # 4 Exhibit Exhibit B - Donation spreadsheet, # 5 Exhibit Exhibit C - Newsday Article) (Wagner, Stephen) (Entered: 03/25/2026) |
| 03/25/2026 | 37 | Letter *enclosing Motion to Intervene via FedEx to Judge Shields* by Martin Oliner (Wagner, Stephen) (Entered: 03/25/2026) |
| 04/02/2026 | 38 | Letter *Serving Defendants' Motion to Dismiss to Counsel for Plaintiff* by The Town Board of the Town of Hempstead, The Town of Hempstead (Camhi, Stanley) (Entered: 04/02/2026) |

| | | |
|---|---|---|
| 05/04/2026 | 39 | Letter *serving Plaintiffs' Opposition to Defendant's Motion to Dismiss* by 25 Wanser LLC, 40 Bayview LLC (Shapiro, Daniel) (Entered: 05/04/2026) |
| 05/22/2026 | 40 | MOTION to Dismiss by The Town Board of the Town of Hempstead, The Town of Hempstead. (Attachments: # 1 Declaration Of Stanley A. Camhi, Esq., # 2 Exhibit Exhibit A - Transit Oriented Development and Related Districts for North, # 3 Exhibit Exhibit B - Resolution declaring the Town Lead Agency with respect to the environmental review of the TOD Ordinance, # 4 Exhibit Exhibit C - Relevant pages from Expanded Environmental Assessment, # 5 Exhibit Exhibit D - Negative Declaration re: SEQRA, # 6 Exhibit Exhibit E - Resolution enacting moratorium, dated September 20, 2022, # 7 Exhibit Exhibit F - Nelson Pope Voorhis Report, # 8 Exhibit Exhibit G - Resolution scheduling public hearing on proposed Rescission of the, # 9 Exhibit Exhibit H - Nassau County Planning Commission (NCPC) Resolution, # 10 Exhibit Exhibit I - NCPC transmittal letter, # 11 Exhibit Exhibit J - Public Hearing transcript, July 2, 2024, # 12 Exhibit Exhibit K - Resolution Repealing the TOD Ordinance, # 13 Exhibit Exhibit L - Decision Wanser I, # 14 Exhibit Exhibit M - Decision Wanser II, # 15 Exhibit Exhibit N - Pre TOD Ordinance Zoning Map, # 16 Exhibit Exhibit O - Prospects Permit Application, # 17 Memorandum in Support, # 18 Declaration Of Daniel E. Shapiro, Esq., # 19 Exhibit Exhibit A to Declaration of Daniel E. Shapiro,Esq. - Plaintiff's Notice of Cross Appeal, # 20 Memorandum in Opposition, # 21 Memorandum in Support) (Camhi, Stanley) (Entered: 05/22/2026) |
| 05/26/2026 | 41 | REPORT AND RECOMMENDATIONS re 26 MOTION to Intervene *as Defendant* filed by Martin Oliner: For the reasons contained in the attached Report and Recommendation, this Court respectfully recommends that Proposed Intervenor Martin Oliner's motion to intervene be denied in its entirety. Objections to R&R due by 6/9/2026. So Ordered by Magistrate Judge Anne Y. Shields on 5/26/2026. (DM) (Entered: 05/26/2026) |
| 05/26/2026 | 42 | MEMORANDUM in Opposition re 26 MOTION to Intervene *as Defendant* filed by The Town Board of the Town of Hempstead, The Town of Hempstead. (Camhi, Stanley) (Entered: 05/26/2026) |
| 06/09/2026 | 43 | OBJECTION to 41 Report and Recommendations filed by Martin Oliner. (Wagner, Stephen) (Entered: 06/09/2026) |
| 06/18/2026 | 44 | OBJECTION to 41 Report and Recommendations *Town Defendants' Response to Proposed Intervenor's Objections to the Report and Recommendations* filed by The Town Board of the Town of Hempstead, The Town of Hempstead. (Camhi, Stanley) (Entered: 06/18/2026) |
| 06/23/2026 | 45 | OBJECTION to 41 Report and Recommendations *PLAINTIFFS 25 WANSER LLC AND 40 BAYVIEW LLC (PRO SE) RESPONSE TO PROPOSED INTERVENORS OBJECTIONS TO THE REPORT AND RECOMMENDATIONS* filed by 25 Wanser LLC, 40 Bayview LLC. (Shapiro, Daniel) (Entered: 06/23/2026) |
| 06/30/2026 | 46 | ORDER ADOPTING REPORT AND RECOMMENDATIONS denying 26 Motion to Intervene; adopting Report and Recommendations as to 41 Report and Recommendations. IT IS HEREBY ORDERED that Proposed Intervenor's Objection is OVERRULED and the Magistrate Judge's R&R is ADOPTED in its entirety; therefore, IT IS FURTHER ORDERED that Proposed Intervenor's Motion (ECF No. 26) is DENIED. So Ordered by Judge Joanna Seybert on 6/30/2026. (CV) (Entered: 06/30/2026) |
| 07/27/2026 | 47 | NOTICE OF INTERLOCUTORY APPEAL as to 46 Order Adopting Report and Recommendations, Order on Motion to Intervene, Order on Report and Recommendations, by Martin Oliner. Proposed Intervenor-Defendant Martin Oliner's notice of appeal of June 30,2026 order (Wagner, Stephen) (Entered: 07/27/2026) (KS) (Entered: 07/28/2026) |

| | | |
|---|---|---|
| 07/28/2026 | | APPEAL FILING FEE DUE re 47 Notice of Interlocutory Appeal, Payment in the amount of $605.00, can be made in person to the clerks office, or mailed in or paid online with the event *Civil Case Appeal Filing Fee*. (KS) (Entered: 07/28/2026) |
| 07/28/2026 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 47 Notice of Interlocutory Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (KS) (Entered: 07/28/2026) |
| 07/28/2026 | | CIVIL CASE APPEAL FILING FEE: $ 605, receipt number ANYEDC-20472402 (Wagner, Stephen) (Entered: 07/28/2026) |
| 07/28/2026 | | Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 47 Notice of Interlocutory Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (KS) (Entered: 07/28/2026) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/10/2026 15:18:31 | | | |
| **PACER Login:** | asalbashian83 | **Client Code:** | 2816.005 |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cv-05824-JS-AYS |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
25 WANSER LLC and 40 BAYVIEW LLC,

Plaintiffs,

-against-

THE TOWN OF HEMPSTEAD and THE TOWN BOARD OF THE TOWN OF HEMPSTEAD, and JOHN/JANE DOE #1 through JOHN/JANE DOE #10,

Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 25-5824 (JS) (AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Joanna Seybert, is the motion by Martin Oliner ("Oliner" or "Proposed Intervenor") to intervene as a defendant in this action, pursuant to Rule 24 of the Federal Rules of Civil Procedure. Plaintiffs and Defendants all oppose the motion. For the following reasons, this Court respectfully recommends that Oliner's motion to intervene be denied.

## BACKGROUND

Plaintiffs, 25 Wanser LLC and 40 Bayview LLC ("Plaintiffs"), are real estate developers who seek to build a 300-plus unit mixed-use residential building in North Lawrence, New York (the "Project"). (Compl. ¶ 29.) On May 27, 2019, Defendant Town of Hempstead (the "Town"), through Defendant The Town Board of the Town of Hempstead (the "Board"), adopted legislation entitled "Transit Oriented Development and Related Districts for North Lawrence and Inwood (the "TOD Ordinance"), which established a Transit Oriented Development District ("TOD District") permitting mixed-use, high density residential developments in a 73.2-acre area in the overlay district of North Lawrence and Inwood. (Id. ¶¶ 26-27, 45.) The TOD Ordinance

Case: 26-2078, 08/10/2026, DktEntry: 8.1, Page 41 of 61

provided for an expedited approval process for applicant developers, which was intended to reduce project time and costs. (Id. ¶ 56.)

Over the next three years, and in reliance on the TOD Ordinance, Plaintiffs sought to advance their development plans in the TOD District, ultimately submitting their project application with the Town on February 18, 2022. (Id. ¶¶ 60-74.) During that time, however, it became apparent to the Town that the review procedure set forth in the TOD Ordinance was insufficient to ensure that a "hard look" was taken regarding the environmental impacts that the high-density, mixed-use development would have on the local community and surrounding areas. (Def. Mem. of Law 5.) On September 20, 2022, the Town enacted a moratorium on development in the TOD District and retained the services of Nelson Pope Voorhis, an environmental planning firm, to conduct a further review and analysis of the TOD Ordinance. (Compl. ¶¶ 91, 110.)

The moratorium was set to expire on June 18, 2024. Prior to its expiration, on June 2, 2024, the Board scheduled a public hearing on a proposed action to repeal the TOD Ordinance while allowing previously submitted project applications, such as Plaintiffs', to still be considered (the "Grandfathered-In Clause"). (Id. ¶ 109.) On November 19, 2024, the Board voted unanimously to repeal the TOD Ordinance without the Grandfathered-In Clause. (Id. ¶ 142.)

In June 2025, Plaintiffs initiated two Article 78 proceedings against the Town in New York Supreme Court. (Id. ¶ 158.) The first sought to compel the Town to review and act upon Plaintiffs' permit application in accordance with the TOD Ordinance. The State Court found in Plaintiffs' favor in that action. (Id. ¶¶ 159-61.) The Town timely filed a Notice of Appeal and asserted its right to a stay of the State Court's directives pending appeal. (Def. Mem. of Law 6.)

The second Article 78 proceeding sought an order declaring the repeal of the TOD Ordinance null and void for failure to comply with New York General Municipal Law § 239-m prior to its adoption. (Compl. ¶ 162.) Again, the State Court decided in Plaintiffs' favor and again, the Town appealed. (Id.; Def. Mem. of Law 7.)

Plaintiffs commenced the within action on October 17, 2025, pursuant to 42 U.S.C Section 1983, asserting claims for violations of the Takings Clause and the Equal Protection Clause under the Fourteenth Amendment, as well as both substantive and procedural due process violations and First Amendment retaliation. Plaintiffs seek solely money damages and do not request any declaratory or injunctive relief.

On January 13, 2026, Proposed Intervenor Oliner filed the within motion to intervene herein as a defendant, pursuant to Rule 24 of the Federal Rules of Civil Procedure. (Docket Entry ("DE") [26].) Oliner is the former Mayor of Lawrence, New York as well as a resident who lives in close proximity to Plaintiffs' proposed project site. (Oliner's Mem. of Law 1.) Oliner asserts as grounds for his motion that he has a significant, protectable interest in preventing the Project from moving forward and that the Town and the Board are not adequately representing this vital interest. (Id. 2.) Plaintiffs and Defendants oppose Oliner's motion.[1]

## DISCUSSION

### I. Legal Standard

Oliner seeks intervention both as of right and permissibly under Rules 24(a) and 24(b), respectively.

[1] While the Court received courtesy copies of Plaintiffs' and Defendants' opposition to Oliner's motion to intervene, it does not appear the opposition papers were filed on the docket sheet herein. Plaintiffs and Defendants are hereby directed to file their opposition on the docket sheet forthwith.

Rule 24(a)(2) sets forth a four-part test for intervention as of right, stating that the Court "must permit anyone to intervene" who (1) files a timely motion, (2) claims "an interest relating to the property or transaction that is the subject of the action," and (3) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," (4) "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); see also SEC v. Xia Yue, No. 21-CV-5350, 2026 WL 872956, at *2 (E.D.N.Y. Mar. 30, 2026). All four parts of the foregoing test must be met for intervention as of right. See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 315 F.R.D. 169, 175 (S.D.N.Y. 2016) (citing United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994)).

Under Rule 24(b)(1)(B), which provides for permissive intervention, a court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "A motion for permissive intervention, like one for intervention of right, must be timely." SEC v. Euro Sec. Fund, No. 98-CV-7347, 2006 WL 1461776, at *4 (S.D.N.Y. May 30, 2006) (quoting Catanzano By Catanzano v. Wing, 103 F.3d 223, 224 (2d Cir. 1996)). "In exercising its broad discretion under Rule 24(b), a court considers the same factors that it considers for intervention as of right." Innovation Ventures LLC v. Pittsburg Wholesale Grocers Inc., No. 13-CV-6397, 2019 WL 4805041, at *2 (E.D.N.Y. Sept. 30, 2019) (quoting MASTR Adjustable Rate Mortg. Tr. 2006-A3 v. UBS Real Estate Secs., No. 12-CV-7332, 2013 WL 139636, at *2 (S.D.N.Y. Jan. 11, 2013)) (additional citation omitted).

Whether intervention is sought as of right or by permission, Rule 24(c) further requires the motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Many courts,

Case: 26-2078, 08/10/2026, DktEntry: 8.1, Page 44 of 61

however, have found that "a failure to attach . . . a proposed pleading," as required by Rule 24(c), "is not fatal to the motion to intervene." Innovation Ventures, 2019 WL 4805041, at *2 (quoting N. Shore-Long Island Jewish Health Sys., Inc. v. Multiplan, Inc., No. 12-CV-1633, 2015 WL 777248, at *18 (E.D.N.Y. Feb. 13, 2015)) (additional citation omitted); see also Murray v. City of New York, No. 21 Civ. 6892, 2023 WL 3984342, at *2 n.3 (E.D.N.Y. June 13, 2023) ("Courts in this Circuit regularly excuse the failure to include a pleading with a motion to intervene.") (collecting cases).[2]

II. Intervention as of Right

As set forth above, to intervene as of right, a movant must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 128-29 (2d Cir. 2001) (quoting New York News, Inc. v. Kheel, 972 F.2d 482, 485 (2d Cir. 1992)). The timeliness of Oliner's motion to intervention is not questioned by the parties.

With respect to Oliner's interest in the underlying action, the Second Circuit has stated that, "for an interest to be cognizable under Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'" Brennan, 260 F.3d at 129 (quoting Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1997)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a

[2] Plaintiffs and Defendants also oppose Oliner's motion to intervene on the ground that he failed to comply with Rule 24(c). However, as he submitted a proposed pleading with his reply papers, and the case law states that failure to attach a proposed pleading is not fatal to a motion to intervene, the Court sees no need to address this argument.

sequence of events before it becomes colorable, will not satisfy the rule." Washington Elec., 922 F.2d at 97.

Here, Oliner asserts that he has a "direct, substantial, and legally protectable" interest in the subject matter of the within action because he lives near the affected TOD District and "thus indisputably has a profound interest (economic and otherwise) in the zoning, land use, traffic patterns, environmental quality, and character of his community." (Oliner Mem. of Law 7.) However, such issues have already been litigated in the State Court litigation and are not currently before this Court. This case involves Plaintiffs' claims that their constitutional rights have been violated by the repeal of the TOD Ordinance and whether they are entitled to compensation for those alleged violations. Plaintiffs do not seek to have the TOD Ordinance reinstated by this Court; nor are they asking the Court to grant it rights to develop the Project. Plaintiffs seek solely money damages, which Oliner has no right to. Oliner's claimed interests in community character, traffic and zoning are simply not interests before this Court. Accordingly, Oliner has not demonstrated that he has a "direct, substantial, and legally protectable" interest in this action.

As stated above, failure to satisfy any one of the requirements under Rule 24(a)(2) "is a sufficient ground to deny the application" to intervene as of right. United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999) (quoting Catanzano, 103 F.2d at 232) (additional citation omitted). Accordingly, since Oliner cannot satisfy the second requirement under Rule 24(a)(2), the Court need not consider the other factors. Based on the foregoing, this Court respectfully recommends that Oliner's motion to intervene as of right be denied.

III. Permissive Intervention

Under Rule 24(b), a court may permit a person to intervene who demonstrates "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "[P]ermissive intervention is wholly discretionary with the trial court," Yank v. Kellner, No. 20 Civ. 3325, 2020 WL 2115412, at *1 (S.D.N.Y. May 3, 2020) (quoting U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978)), with Rule 24(b) being "liberally construed." Yang, 2020 WL 2115412, at *2 (citing Olin Corp. v. Lamorak Ins. Co., 325 F.R.D. 85, 87 (S.D.N.Y. 2018)) (additional citation omitted). "The 'principal consideration' for permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" Yang, 2020 WL 2115412, at *2 (quoting U.S. Postal Serv., 579 F.2d at 191).

Oliner asserts that he should be granted permissive intervention in order to "support[] the voice of the residents of Lawrence and Inwood, whose interests are directly affected by the outcome of this action." (Oliner Mem. of Law 13.) However, that is not a claim or defense asserted in this action. As stated above, this case concerns Plaintiffs' claims for alleged constitutional violations arising from the Town's repeal of the TOD Ordinance, for which they solely seek money damages. Oliner asserts no constitutional claims, nor does he seek money damages. Rather, he seeks to intervene because he opposes the development of the Project. That issue is simply not a claim or defense before the Court.

Oliner's concerns of "restor[ing] public faith in democracy" and reassuring the citizens of the Town "that their voices are heard," (Oliner Mem. of Law 13), are "extraneous to the issues before the [C]ourt." United States v. City of New York, 198 F.3d at 36. Accordingly, this Court finds that permitting Oliner to intervene in this action, pursuant to Rule 24(b), would "unduly

delay the adjudication of the rights of the existing parties to this action." Id. Therefore, the Court respectfully recommends that Oliner's motion for permissive intervention be denied.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Proposed Intervenor Martin Oliner's motion to intervene be denied in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on all counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
May 26, 2026

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
25 WANSER LLC, and
40 BAYVIEW LLC,

Plaintiffs,

-against-

THE TOWN OF HEMPSTEAD,
THE TOWN BOARD OF THE
TOWN OF HEMPSTEAD, and
JOHN/JANE DOE #1 through
JOHN/JANE DOE # 10,

Defendants.
-----------------------------------------------X

ORDER
25-CV-5824(JS)(AYS)

APPEARANCES

For Proposed Intervenor Martin Oliner: Stephen Wagner, Esq.
M. David Possick, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170

For Defendants Town of Hempstead and the Town Board of the Town of Hempstead: Stanley A. Camhi
Jaspan Schlesinger Narendran LLP
300 Garden City Plaza, 5th Floor
Garden City, New York 11530

SEYBERT, District Judge:

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, Proposed Intervenor Martin Oliner ("Proposed

Intervenor”) objects to Magistrate Judge Anne Y. Shields’s May 26, 2026 Report and Recommendations (“R&R,” ECF No. 41), which recommends denying Proposed Intervenor’s Motion to Intervene. (See Obj., ECF No. 43; see also Motion, ECF No. 26; Support Memo, ECF No. 26-1.) Plaintiffs 25 Wanser LLC and 40 Bayview LLC (“Plaintiffs”) and Defendants Town of Hempstead and Town Board of the Town of Hempstead (“Defendants,” collectively with Plaintiffs, the “Parties”) oppose the Motion and have filed separate replies to Proposed Intervenor’s Objection.[1] (See Opp’n, ECF No. 42; Defs.’ Reply, ECF No. 44.) Because Proposed Intervenor has not identified a protectable interest warranting intervention as of right or a persuasive basis for permissive intervention, the Court OVERRULES his Objection and DENIES the Motion.

## BACKGROUND

### I. Facts

As Judge Shields provided in the R&R:

> Plaintiffs, 25 Wanser LLC and 40 Bayview LLC (“Plaintiffs”), are real estate developers who seek to build a 300-plus unit mixed-use residential building in North Lawrence, New York (the “Project”). (Compl. ¶ 29.) On May 27, 2019, Defendant Town of Hempstead (the “Town”), through Defendant The Town Board of the Town of Hempstead (the “Board”), adopted

[1] On June 23, 2026, Plaintiffs filed a Reply. (See ECF No. 45.) The Reply was filed by Attorney Colleen P. Collins, the Chief Legal Officer of Plaintiffs, who has not filed a Notice of Appearance in this Action. Plaintiffs have counsel of record, who did not file a Reply. Accordingly, Plaintiffs’ Reply has not been considered by the Court.

legislation entitled "Transit Oriented Development and Related Districts for North Lawrence and Inwood[”] (the "TOD Ordinance"), which established a Transit Oriented Development District ("TOD District") permitting mixed-use, high density residential developments in a 73.2-acre area in the overlay district of North Lawrence and Inwood. (Id. ¶¶ 26-27, 45.) The TOD Ordinance provided for an expedited approval process for applicant developers, which was intended to reduce project time and costs. (Id. ¶ 56.)

Over the next three years, and in reliance on the TOD Ordinance, Plaintiffs sought to advance their development plans in the TOD District, ultimately submitting their project application with the Town on February 18, 2022. (Id. ¶¶ 60-74.) During that time, however, it became apparent to the Town that the review procedure set forth in the TOD Ordinance was insufficient to ensure that a "hard look" was taken regarding the environmental impacts that the high-density, mixed-use development would have on the local community and surrounding areas. (Def. Mem. of Law 5.) On September 20, 2022, the Town enacted a moratorium on development in the TOD District and retained the services of Nelson Pope Voorhis, an environmental planning firm, to conduct a further review and analysis of the TOD Ordinance. (Compl. ¶¶ 91, 110.)

The moratorium was set to expire on June 18, 2024. Prior to its expiration, on June 2, 2024, the Board scheduled a public hearing on a proposed action to repeal the TOD Ordinance while allowing previously submitted project applications, such as Plaintiffs', to still be considered (the "Grandfathered-In Clause"). (Id. ¶ 109.) On November 19, 2024, the Board voted unanimously to repeal the TOD Ordinance without the Grandfathered-In Clause. (Id. ¶ 142.)

In June 2025, Plaintiffs initiated two Article 78 proceedings against the Town in New York Supreme Court. (Id. ¶ 158.) The first sought

to compel the Town to review and act upon Plaintiffs' permit application in accordance with the TOD Ordinance. The State Court found in Plaintiffs' favor in that action. (Id. ¶¶ 159-61.) The Town timely filed a Notice of Appeal and asserted its right to a stay of the State Court's directives pending appeal. (Def. Mem. of Law 6.)

The second Article 78 proceeding sought an order declaring the repeal of the TOD Ordinance null and void for failure to comply with New York General Municipal Law § 239-m prior to its adoption. (Compl. ¶ 162.) Again, the State Court decided in Plaintiffs' favor and again, the Town appealed. (Id.; Def. Mem. of Law 7.)

Plaintiffs commenced the within action on October 17, 2025, pursuant to 42 U.S.C Section 1983, asserting claims for violations of the Takings Clause and the Equal Protection Clause under the Fourteenth Amendment, as well as both substantive and procedural due process violations and First Amendment retaliation. Plaintiffs seek solely money damages and do not request any declaratory or injunctive relief.

On January 13, 2026, Proposed Intervenor Oliner filed the within motion to intervene herein as a defendant, pursuant to Rule 24 of the Federal Rules of Civil Procedure. (Docket Entry ("DE") [26].) Oliner is the former Mayor of Lawrence, New York as well as a resident who lives in close proximity to Plaintiffs' proposed project site. (Oliner's Mem. of Law 1.) Oliner asserts as grounds for his motion that he has a significant, protectable interest in preventing the Project from moving forward and that the Town and the Board are not adequately representing this vital interest. (Id. 2.) Plaintiffs and Defendants oppose Oliner's motion.

(R&R at 1-3.) Proposed Intervenor's Objection adopts the above factual summary by reference, but also adds the state court denial

of the TOD Ordinance was "on purely procedural grounds arising from the Town's failure to comply with New York General Municipal Law § 239-m's referral requirements." (Obj. at 2.)

II. The R&R

On May 26, 2026, Judge Shields issued the R&R. (See Generally R&R.) Judge Shields first explained Rule 24(a)(2) requires a court to permit intervention where a proposed intervenor:

> (1) files a timely motion, (2) claims 'an interest relating to the property or transaction that is the subject of the action,' and (3) 'is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,' [and] (4) 'unless existing parties adequately represent that interest.'

(R&R at 4 (quoting FED. R. CIV. P. 24(a)(2); SEC v. Xia Yue, No. 21-CV-5350, 2026 WL 872956, at *2 (E.D.N.Y. Mar. 30, 2026).)

Applying these factors, Judge Shields determined Proposed Intervenor lacked a cognizable interest required for mandatory intervention under Rule 24(a)(2). (R&R at 5-6.) Emphasizing that Plaintiffs seek only money damages—and not declaratory or injunctive relief needed to resume development of the project—Judge Shields explained Proposed Intervenor's asserted interests in "zoning, land use, traffic patterns, environmental quality, and character of his community" were insufficient under

the Rule. (Id.) Judge Shields further found Proposed Intervenor failed to demonstrate any entitlement to money damages, the sole relief sought in this Action. (Id.)

Judge Shields also recommended denying permissive intervention under Rule 24(b), which allows intervention where the proposed intervenor's claim or defense shares a common question of law or fact with the main action. (Id. at 7.) Proposed Intervenor's stated concerns—including "support[ing the] voice of the residents of Lawrence and Inwood" and "restor[ing] public faith in democracy"—were deemed "extraneous." (Id. (quoting United States v. City of N.Y., 198 F.3d 360, 367 (2d Cir. 1999)).) Accordingly, Judge Shields determined permitting intervention on this basis would unduly delay adjudication of the Parties' rights, the principal discretionary consideration under Rule 24(b). (Id. at 7-8.)

III. Objection and Opposition

On June 9, 2026, Proposed Intervenor filed a timely Objection to Judge Shields's R&R, continuing to assert interests in "zoning, land use, traffic, environmental quality, and community character." (Obj. at 3.) He primarily contends Judge Shields mischaracterized the Action as one for money damages, since Plaintiffs' Complaint also seeks "such other, further, or different relief as this Court deems just and proper." (Id. at 1,

3-4.) He additionally argues that the true objective of Plaintiffs' Action is not "money damages for purported constitutional violations," but rather to use "constitutional litigation to pressure the Town into permitting a 300-plus unit high-density development that the Town's own expert found environmentally deficient and that thousands of residents have opposed." (Id. at 1, 4.) Proposed Intervenor also objects to Judge Shields's recommendation regarding permissive intervention under Rule 24(b), principally arguing that the R&R adopts an overly technical reading of the phrase "claim or defense." (Id. at 6.)

On June 18, 2026, Defendants filed their response to Proposed Intervenor's Objection, and on June 23, 2026, Plaintiffs filed a separate response. (See generally Defs.' Reply and Pls.' Reply.) Both urge the Court to adopt the R&R in its entirety. (Id.) As noted (see supra note 1), the Court declines to consider Plaintiff's response.

## DISCUSSION

### I. Applicable Law

#### A. Report and Recommendations

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED R. CIV. P. 72(b)(3). A party objecting to an R&R "must lodge a specific objection to

some specific aspect of the R&R," and "[w]hen a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments de novo." Nambiar v. Cent. Orthopedic Grp., LLP, 158 F.4th 349, 361 (2d Cir. 2025). The Court need not review the findings and conclusions to which no proper objection has been made, and an objection "may not simply rest on the briefs considered by the magistrate judge." Id.; Thomas v. Arn, 474 U.S. 140, 150 (1985).

B. Intervention

As Judge Shields correctly stated:

> Rule 24(a)(2) sets forth a four-part test for intervention as of right, stating that the Court "must permit anyone to intervene" who (1) files a timely motion, (2) claims "an interest relating to the property or transaction that is the subject of the action," and (3) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," (4) "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); see also SEC v. Xia Yue, No. 21-CV-5350, 2026 WL 872956, at *2 (E.D.N.Y. Mar. 30, 2026). All four parts of the foregoing test must be met for intervention as of right. See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 315 F.R.D. 169, 175 (S.D.N.Y. 2016) (citing United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994)).
>
> Under Rule 24(b)(1)(B), which provides for permissive intervention, a court "may permit anyone to intervene who has a claim or defense

> that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "A motion for permissive intervention, like one for intervention of right, must be timely." SEC v. Euro Sec. Fund, No. 98-CV-7347, 2006 WL 1461776, at *4 (S.D.N.Y. May 30, 2006) (quoting Catanzano By Catanzano v. Wing, 103 F.3d 223, 224 (2d Cir. 1996)). "In exercising its broad discretion under Rule 24(b), a court considers the same factors that it considers for intervention as of right." Innovation Ventures LLC v. Pittsburg Wholesale Grocers Inc., No. 13-CV-6397, 2019 WL 4805041, at *2 (E.D.N.Y. Sept. 30, 2019) (quoting MASTR Adjustable Rate Mortg. Tr. 2006-A3 v. UBS Real Estate Secs., No. 12-CV-7332, 2013 WL 139636, at *2 (S.D.N.Y. Jan. 11, 2013)) (additional citation omitted).
>
> Whether intervention is sought as of right or by permission, Rule 24(c) further requires the motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Many courts, however, have found that "a failure to attach . . . a proposed pleading," as required by Rule 24(c), "is not fatal to the motion to intervene." Innovation Ventures, 2019 WL 4805041, at *2 (quoting N. Shore-Long Island Jewish Health Sys., Inc. v. Multiplan, Inc., No. 12-CV-1633, 2015 WL 777248, at *18 (E.D.N.Y. Feb. 13, 2015)) (additional citation omitted); see also Murray v. City of New York, No. 21 Civ. 6892, 2023 WL 3984342, at *2 n.3 (E.D.N.Y. June 13, 2023) ("Courts in this Circuit regularly excuse the failure to include a pleading with a motion to intervene.") (collecting cases).

(R&R at 4-5.)

II. Application

A. Proposed Intervenor is Not Entitled to Mandatory Intervention

Proposed Intervenor's Objection does not establish a protectable interest under Rule 24(a). In an attempt to characterize this Action as anything other than a money-damages case, Proposed Intervenor argues the Complaint's boilerplate request for "such other, further, or different relief as this Court deems just and proper" demonstrates that Plaintiffs seek more than monetary relief. (Obj. at 3 (citing Compl. pp. 48).) However, Proposed Intervenor cites to no authority indicating such a brief, boilerplate sentence included at the end of a money-damages Complaint can transform an action into one for declaratory or injunctive relief for purposes of an intervention motion. Nor does a fair reading of the Complaint suggest this Action seeks such relief. Rather, as is plain from its text, the causes of action listed in Plaintiffs' Complaint each include attempted computations for monetary damages, thereby underscoring Plaintiffs' desire for money damages. (See Compl. ¶¶ 176-257.)

Proposed Intervenor's argument that "[c]ourts have recognized that the proper inquiry is not what remedy a plaintiff has chosen but what the proceeding is actually about" is likewise unavailing. (Obj. at 3-4.) This argument rests primarily on his settlement-leverage theory and reliance upon Rent Stabilization

Association of New York City v. State Division of Housing & Community Renewal, 252 A.D.2d 111, 115 (3d Dep't 1998). Rent Stabilization is a New York State case that did not arise under the Federal Rules of Civil Procedure, wherein a New York State court determined New York City was a necessary party in a case where the validity of one of its ordinances was being litigated by private parties. Id. Even setting aside that Rent Stabilization addressed intervention under the C.P.L.R. rather than Rule 24(a), the interest at issue there—a municipality's interest in the validity of its own ordinance—was far more direct and protectable than Proposed Intervenor's speculative concerns regarding settlement leverage. As Defendants state in their Reply, Proposed Intervenor "has not come forward with any evidence that the Town is not vigorously defending this Action or the proceedings Plaintiffs commenced in State court." (Defs.' Reply at 4.) Because Proposed Intervenor's asserted interest rests entirely upon speculation, he is not entitled to intervention as of right under Rule 24(a)(2).

B. Permissive Intervention is Also Not Warranted

As Proposed Intervenor's cited interest is entirely speculative, he is also not entitled to permissive intervention under Rule 24(b). See Innovation Ventures LLC, 2019 WL 4805041, at *2 (courts possess "broad discretion under Rule 24(b)").

Proposed Intervenor's reliance on Commack Self-Service Kosher Meats, Incorporated v. Rubin, a case where several rabbis were permitted to intervene in litigation concerning New York's kosher laws, is not availing. (Obj. at 5 (citing 170 F.R.D. 93, 106 (E.D.N.Y. 1996)).) In Commack Kosher, the Court found the rabbis had "an interest in the enforcement and the constitutionality of the Kosher Laws." 170 F.R.D. at 106. As in Rent Stabilization, the interest asserted in Commack Kosher did not depend upon speculation about litigation theories or reading into the parties' motivations. Rather, the intervenors had a direct stake in each case, which respectively impacted their ordinance-making powers and religious-practice interests. Such circumstances are not present in Proposed Intervenor's case.

Hence, upon de novo review, the Court finds the Magistrate Judge's thorough Report to be free of clear error. Therefore, overruling Proposed Intervenor's objections to said Report, the Court adopts Judge Shields's recommendation.

**CONCLUSION**

Accordingly, for the stated reasons, **IT IS HEREBY ORDERED** that Proposed Intervenor's Objection is **OVERRULED** and the Magistrate Judge's R&R is **ADOPTED** in its entirety; therefore,

**IT IS FURTHER ORDERED** that Proposed Intervenor's Motion (ECF No. 26) is **DENIED.**

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 30, 2026
Central Islip, New York